UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BEVAN WALKER, PAMELLA M. WALKER,

               Plaintiffs,                       **MEMORANDUM AND ORDER**
                                                                             18-CV-1607(PKC)(SMG)

             - against-

FLAGSTAR BANCORP, INC. HOLDING
COMPANY FOR FLAGSTAR BANK,

               Defendant.
------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

      Plaintiffs Bevan Walker and Pamella M. Walker, proceeding *pro se*, bring this action to vacate a state court judgment entered against them in a mortgage foreclosure action. For the reasons stated herein, the Court *sua sponte* dismisses Plaintiffs' complaint.[1]

## BACKGROUND

      On January 3, 2018,[2] a state court judgment was entered against Plaintiffs in a mortgage foreclosure action, *Flagstar Bank, FSB v. Bevan Walker, et al.*, Index No. 8230/11 (N.Y. Sup. Ct. Kings Cty.), in the amount of $798,420.45. (Complaint ("Compl."), Dkt. 1, at 1, 3-4, 12-14.)[3] On March 15, 2018, Plaintiffs filed this instant action, alleging that the state court judgment is void for "lack of subject matter [jurisdiction]" and seeking injunctive relief and vacatur. (*Id.* at 1-2.)

---

[1] The Court notes that Plaintiffs are currently suing Defendant in a separate action before this Court, *Walker v. Flagstar Bancorp, Inc.*, 17-CV-4829, alleging violations of the Truth in Lending Act in connection with the same state foreclosure action. In an order dated April 16, 2018, the Court granted Defendant's motion to dismiss that matter.

[2] The Court notes that, according to Defendant, the state court judgment was entered on March 2, 2018. (Dkt. 9, at 2.) The difference in dates does not affect the Court's decision in this matter.

[3] All page numbers refer to the pagination generated by the CM/ECF system and not the document's internal pagination.

Plaintiffs also allege that Defendant provided "no documents showing that . . . the total amount due [is] $798.420.45[.]" (*Id.* at 4-5.) According to Plaintiffs, without these records, "it is impossible to validate the accuracy of the amount due" and, therefore, the state court judgment should be voided. (*Id.* at 5.)

**DISCUSSION**

The Court dismisses Plaintiffs' complaint in this matter, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject-matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Under the *Rooker–Feldman* doctrine, "federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014); *see also Nath v. JP Morgan Chase Bank*, No. 15-CV-3937 (KMK), 2016 WL 5791193, at *6 (S.D.N.Y. Sept. 30, 2016). The doctrine is "rooted in the principle that 'appellate jurisdiction to reverse or modify a state-court judgment is lodged . . . exclusively in [the Supreme] Court.'" *Vossbrinck,* 773 F.3d at 426 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 283-84 (2005)). There are "four requirements for the application of *Rooker–Feldman*": (1) the federal-court plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by a state court judgment"; (3) the plaintiff "invite[s] . . . review and rejection of that judgment"; and (4) the state judgment was "rendered before the district court proceedings commenced." *Hoblock v. Albany Cnty. Bd. of Elecs.*, 422 F.3d 77, 85 (2d Cir. 2005) (internal alterations and quotation marks omitted).

All four factors are clearly met in this case. As an initial matter, there is no question that Plaintiffs lost in the state foreclosure action, and the foreclosure judgment was entered before

Plaintiffs filed their federal complaint. Next, Plaintiffs "invite . . . review and rejection" of the state court judgment. Plaintiffs attempt "to invalidate . . . the State Court's determination that [Defendant] had standing to foreclose on the Subject Property [and] asks the 'federal court to review the state proceedings and determine that the foreclosure judgment was issued in error,' which is barred by *Rooker-Feldman*." *Nath*, 2016 WL 5791193, at *7 (quoting *Vossbrinck*, 773 F.3d at 427). Finally, Plaintiffs allege that they were injured by the state court judgment. "[T]he injury of which Plaintiffs 'complain[]' in this claim for relief, and which [they] seek[] to have remedied, is the state foreclosure judgment. This is evident from the relief [Plaintiffs] request[, *i.e.*,] . . . to have the state judgment declared 'void.'" *Vossbrinck*, 773 F.3d at 427; (*see also* Compl. at 1-2.). Therefore, Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine, and their complaint is dismissed. *See Ford v. U.S. Dep't of Treasury I.R.S.*, 50 F. App'x 490, 491 (2d Cir. 2002) ("In essence, [Plaintiffs] seek[] a declaration that the foreclosure judgment is void, thereby requiring reversal of the state court foreclosure judgment . . . and, as a result, [are] barred by *Rooker–Feldman*."); *Nath*, 2016 WL 5791193, at *6 (collecting cases).[4]

---

[4] To the extent Plaintiffs' *pro se* complaint can be liberally construed as asserting that the Court should "grant [Plaintiffs] title to [their] property because the foreclosure judgment was obtained fraudulently, *Rooker-Feldman* bars [Plaintiffs'] claim." *Vossbrinck*, 773 F.3d at 427. Unlike in Plaintiffs' other case before the Court, *Walker v. Flagstar Bancorp, Inc.*, 17-CV-4829, Plaintiffs do not assert fraud claims in this action that overcome abstention*,* such as "seek[ing] damages from Defendant[] for injuries [Plaintiffs] suffered from [Defendant's] alleged fraud." *Id.* Given the nature of Plaintiffs' claim in this action and because Plaintiffs have already filed another lawsuit alleging fraud, the Court does not grant Plaintiffs leave to amend their complaint in the instant action. *Charlot v. Ecolab, Inc.*, 97 F. Supp. 3d 40, 68 (E.D.N.Y. 2015) ("Courts may deny a motion to amend where the proposed claims would be time-barred and therefore futile.").

## CONCLUSION

For the reasons stated herein, Plaintiffs' complaint is dismissed. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000). The Clerk of Court is respectfully requested to enter judgment and close the case accordingly.

SO ORDERED.

 /s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: April 16, 2018
      Brooklyn, New York